**SIGNED.**

Dated: March 11, 2009



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 11
)
BARRIOS DE MARANA I, LLC, an ) No. 4:08-bk-17278-JMM
Arizona Limited Liability Company, )
) **MEMORANDUM DECISION**
Debtor. )

On March 10, 2009, this court heard evidence concerning the motion for stay relief filed by FD Funding 3 L.L.C., and Stellar Homes Financial Group LLC ("FD") (Dkt. #26). After considering the evidence, the court finds that:

## FACTS

1. The Debtor owns 38.31 acres of raw land in Marana, Arizona.
2. The Debtor owes FD $3,732,249.78 (Ex. 4). No payments have been made since May, 2008. A trustee's sale is pending.
3. The property securing the debt is worth $1,437,000 (Ex. 3).
4. The Debtor has filed no reorganization plan to date, and has no realistic ability, at this time, to propose a plan. The only seed of a plan, as testified to by Mr. Diaz-Brown, was to hold the property for another 18-24 months, and hope that the market turns around.
5. The bankruptcy was filed on November 30, 2008.

6. The court approved, on December 22, 2008, the Debtor's motion to sell the property to Danny Ford for $5,500,000. The original closing date was to have been December 15, 2008. However, as of this date, that sale has not closed, nor has an escrow been opened. Mr. Diaz-Brown's comments about some "government note," to be placed in a bank which would then give immediate credit thereon, was not corroborated and is not credible.

7. There is no equity in the property.

8. There is no possibility that a realistic plan of reorganization will occur within a reasonable time. In fact, the Debtor's principals failed to outline any feasible plan at all.

9. No adequate protection was proposed.

## **LAW**

This case is governed by 11 U.S.C. § 362(d)(1), (2) and (3). Moreover, a court is precluded from confirming speculative plans. *In re Acequia*, 787 F.2d 1352, 1364 (9th Cir. 1986).

## **CONCLUSION**

Cause has been shown to lift the stay. In addition, there is no equity and the Debtor is unable to confirm a feasible plan within a reasonable time. *United Savings Ass'n. v. Timbers of Inwood Forest*, 484 U.S. 365, 376, 108 S.Ct. 626, 630, 98 L.Ed.2d 740(1988).

## **RULING**

The stay will be lifted, effective 30 days from the date of the order. A separate order will be entered.

DATED AND SIGNED ABOVE.

| | | |
|---|---|---|
| 1 | COPIES served as indicated below on the date signed above: | |
| 2 | | |
| 3 | Walter F. Wood<br>Attorney for Debtor | Email: walterfwood@aol.com |
| 4 | Michael W. McGrath and Scott Gan<br>Attorneys for FD Funding 3 L.L.C., and | |
| 5 | Stellar Homes Financial Group LLC | Email ecfbk@mcrazlaw.com |
| 6 | Michael W. Baldwin<br>Interested Party | Email Michael.Baldwin@azbar.org |
| 7 | Office of the U.S. Trustee | U.S. Mail |

By \_\_\_/s/ M.B. Thompson\_\_\_
     Judicial Assistant